**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALEXIS REZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-03233 |
| ) | |
| MEGABUS USA, LLC, ED BYRNE, as an ) | |
| agent of Megabus USA, LLC and COACH ) | |
| USA, LLC; and COACH USA INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants MEGABUS USA, LLC ("Megabus"), ED BYRNE ("Byrne") and COACH USA INC. ("Coach USA") (collectively referred to as "Defendants") by and through their attorneys Wilson Elser Moskowitz Edelman & Dicker, LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and the Local Rules of the United States District Court for the Northern District of Illinois, hereby remove this action, pending as Case No. 2021-L-002340 in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, the above-captioned case, and as grounds for removal, state as follows:

1. On March 1, 2021, Plaintiff commenced the above-captioned lawsuit in the Circuit Court of Cook County, Illinois seeking damages for an alleged sexual assault that occurred aboard a bus being operated by Megabus and Byrne. (*See* Plaintiff's Complaint at Law attached as Exhibit A).

2. Plaintiff ALEXIS REZA asserts claims for negligence (Counts I and II) and negligent infliction of emotional distress (Count III) against Defendants.

253907586v.1

**DIVERSITY OF CITIZENSHIP**

3. Plaintiff alleges that she is a resident of the State of Illinois and, upon information and belief, Defendants believe that to be true. (Complaint at ¶ 3). Plaintiff is therefore a citizen of Illinois for purposes of diversity jurisdiction.

4. Defendant Coach USA is a Delaware corporation with its principle place of business in New Jersey. Coach USA is therefore a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

5. Defendant Megabus is a Delaware limited liability company. The citizenship of a limited liability company for diversity purposes is the citizenship of each of its members. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (citing cases); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members). As of the date of filing of Plaintiff's Complaint at Law, and at the time of filing this Notice for Removal, the sole member of Megabus is a citizen of New Jersey. Megabus is therefore a citizen of New Jersey for purposes of diversity jurisdiction.

6. Byrne is a resident of the State of Wisconsin. He is therefore a citizen of Wisconsin for purposes of diversity jurisdiction.

7. In light of the above, complete diversity of citizenship exists as between the Illinois resident Plaintiff and the Defendants who are citizens of Delaware, New Jersey and Wisconsin.

**AMOUNT IN CONTROVERSY**

8. Plaintiff's Complaint alleges that she seeks to recover in excess of the minimum jurisdictional limits for the Circuit Court of Cook County, Law Division, but the Defendants were unable to discern from the pleading whether the $75,000 diversity jurisdiction requirement could be satisfied in this matter.

9. In a May 17, 2021 letter issued on behalf of Plaintiff, her counsel issued a settlement demand far in excess of the $75,000 threshold for federal diversity jurisdiction under § 1332(a).[1]

10. The "removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The Seventh Circuit Court of Appeals has "suggested several ways in which this may be done—by contentions interrogatories or admissions in state court; *by calculation from the complaint's allegations*; by reference to the plaintiff's informal estimates or *settlement demands*; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* (internal citations omitted) (emphasis added).

11. Based upon the May 17, 2021 settlement demand made on behalf of the Plaintiff by her counsel, Plaintiff has made it clear that she will attempt to seek damages in excess of $75,000, exclusive of costs and interest.

12. Pursuant to 28 U.S.C. § 1441(a), the above captioned case may be removed to this Court.

## NOTICE OF REMOVAL TIMELY FILED

13. 28 U.S.C. § 1446(b)(3) provides that "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14. On May 17, 2021, Plaintiff sent her demand letter to Defendants indicating a demand well in excess of the $75,000 threshold for federal diversity jurisdiction under § 1332(a).

---

[1] While Defendants can provide a copy of the settlement demand letter to the Court if desired, they have refrained from attaching and publicly filing the letter since it reflects private settlement communications.

15. Defendants have timely petitioned this Court for removal as said Notice of Removal is being filed within 30 days of Defendants' receipt of Plaintiff's demand letter.

## CONCLUSION

16. For the foregoing reasons, this Court has original jurisdiction over this action under §1332(b), because complete diversity exists, and the amount in controversy exceeds the jurisdiction limit of $75,000.

WHEREFORE, Defendants, MEGABUS USA, LLC, ED BYRNE and COACH USA INC. notify that this cause has been removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §1446 and the Rules of the United States District Court for the Northern District of Illinois.

Date: June 16, 2021

Respectfully submitted,

**MEGABUS USA, LLC, COACH USA INC., ED BYRNE**

By: */s/* Cameron J. Wall
    One of their attorneys

David M. Goldhaber
Cameron J. Wall
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Telephone (312) 704-0550
Facsimile: (312) 704-1522
david.goldhaber@wilsonelser.com
cameron.wall@wilsonelser.com

## CERTIFICATE OF SERVICE

    I hereby certify that on June 16, 2021, a copy of Defendants Notice of Removal of Cause was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system. A copy of this document is also being emailed to the below counsel:

Bhavani Raverndran<br>
Romanucci & Blandin, LLC<br>
321 N. Clark Street, Suite 900<br>
Chicago, IL 60654<br>
(P) 312-458-1000<br>
B.raveendran@rblaw.net

                                                               By: */s/* Cameron J. Wall
                                                                         One of their attorneys

David M. Goldhaber
Cameron J. Wall
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
Telephone (312) 704-0550
Facsimile: (312) 704-1522
david.goldhaber@wilsonelser.com
cameron.wall@wilsonelser.com

253907586v.1