FILED
3/1/2021 1:54 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

12388505

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| ALEXIS REZA | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: **2021L002340** |
| v. | ) | |
| | ) | |
| MEGABUS USA, LLC, ED BYRNE, as an | ) | **PLAINTIFF DEMANDS JURY** |
| agent of Megabus USA, LLC and COACH | ) | **TRIAL** |
| USA, LLC; and COACH USA, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ALEXIS REZA, by and through her attorneys Romanucci &
Blandin, LLC, and complaining against Defendants, MEGABUS USA, LLC; ED BYRNE; and
COACH USA, INC.; Plaintiff states as follows:

## INTRODUCTION

1. The Megabus website informs their potential clients of their safety on their website, where
   it read: "So is Megabus safe? Without a question. Statically, megabus is safer than driving
   your car, in fact."

2. This matter stems from the August 30, 2019 sexual assault of Plaintiff Alexis Reza while
   riding as a passenger on the Defendants' Megabus USA and Coach USA, Inc.'s bus under
   the care of Defendant Ed Byrne.

## PARTIES

**Plaintiff**

3. Plaintiff ALEXIS REZA was at all times mentioned herein a resident of the City of Carpentersville, County of Kane and State of Illinois.

**Defendants**

4. On and before August 30, 2019 and all times relevant herein, Defendant, MEGABUS USA, LLC, ("MEGABUS") was a Delaware limited liability company with its principal place of business at 400 South Racine Avenue, Chicago, Illinois, 60609.

5. On and before August 30, 2019, MEGABUS conducted and continues to conduct systematic and continuous business activity within the State of Illinois.

6. At all times material hereto, Defendant Megabus, transacted business in Cook County, Illinois, and purposefully availed itself of Cook County, Illinois, and the citizens of Cook County, Illinois.

7. On and before August 30, 2019 and all times relevant herein, Defendant, COACH USA, INC., ("COACH USA") was a Delaware corporation with its principle place of business at 160 South Route 17, Paramus, New Jersey 07652.

8. On and before August 30, 2019, COACH USA, INC. conducted and continues to conduct systematic and continuous business activity within the State of Illinois.

9. At all times material hereto, Defendant COACH USA, INC., transacted business in Cook County, Illinois, and purposefully availed itself of Cook County, Illinois, and the citizens of Cook County, Illinois.

10. Based on information and belief, Defendant MEGABUS USA, LLC, is a subsidiary of Defendant COACH USA, INC.

11. On or before August 30, 2019, and at all times relevant, Defendant, Ed Byrne, was resident of the County of Rock, State of Wisconsin.

12. On or before August 30, 2019, and at all times relevant, Defendant, Ed Byrne, was an agent of MEGABUS USA, LLC and COACH USA, INC. and served as a driver for the Megabus service from Chicago to St. Paul, Minnesota.

13. On and before August 30, 2019, Defendant Byrne conducted and continues to conduct systematic and continuous business activity within the State of Illinois, on behalf of Megabus.

14. At all times material hereto, Defendant Byrne, transacted business in Cook County, Illinois, and purposefully availed himself of Cook County, Illinois, and the citizens of Cook County, Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

### I.     The August 29, 2019 Incident

15. On August 30, 2019, Defendants MEGABUS and COACH USA owned and/or operated a passenger bus traveling from Chicago, IL to St. Paul, MN.

16. At all times relevant hereto, Defendants MEGABUS and COACH USA were common carriers for hire, in operation of passenger busses, including the bus in question, traveling from Chicago, IL to St. Paul, MN.

17. At all relevant times hereto, Defendants MEGABUS and COACH USA were common carriers engaged in a joint enterprise, which owed passengers, including Plaintiff a non-delegable duty to exercise the highest degree of care for their safety and well-being.

18. At all relevant times hereto, Defendants MEGABUS and COACH USA were aware and on notice that batteries, assaults, and harmful acts, including sexual assaults occur during the operation of their services.

19. At all times relevant hereto, Defendants MEGABUS and COACH USA failed to implement policies, practices, and procedures to radio dispatch, contact authorities, and stop the bus in the event a crime occurred, including the sexual assault of Plaintiff ALEXIS REZA.

20. At all times relevant hereto, Defendant ED BYRNE, driver of said bus, and agent of MEGABUS and COACH USA, was charged with the responsibility to provide a safe, secure and protective environment for passengers, including Plaintiff ALEXIS REZA.

21. At all relevant times, Defendant MEGABUS and COACH USA, by and through their authorized agent, and bus driver, Defendant ED BYRNE, operated managed, maintained, and controlled the bus in a northbound direction on Interstate 94.

22. On August 29 and 30, 2019, Plaintiff ALEXIS REZA traveled from Chicago, Illinois to St. Paul, Minnesota on said bus.

23. Plaintiff ALEXIS REZA was picked up by MEGABUS and COACH USA as part of a charter service in Chicago, Illinois.

24. At all relevant times, Plaintiff ALEXIS REZA sat in her assigned seat marked number two, the front seat directly behind the bus driver nearest the window, and upon information and belief, visible in his rear-view mirror.

25. At all relevant times, Plaintiff ALEXIS REZA sat in her assigned seat across the aisle and two seats away from her mother, who was traveling with her.

26. On August 29, 2019, an unidentified male passenger entered said bus at 11:41PM and sat directly behind the driver and directly next to Plaintiff ALEXIS REZA in the aisle seat marked number one and upon information and belief, visible in his rear-view mirror.

27. The unidentified passenger used a ticket in the name of an individual named Geramy D. Hopson.

28. Before entering the bus, the unidentified passenger's ticket was not verified by the driver or any other agents of Defendants MEGABUS and COACH USA.

29. During the ride, Plaintiff ALEXIS REZA took her epilepsy medication and fell asleep at approximately 12:38 AM until 1:43AM.

30. Around 1:43 AM, while on route to St. Paul, MN, the bus took an unscheduled stop due to a disorderly passenger.

31. Under Defendants MEGABUS and COACH USA'S policies, practices, and procedures the situation warranted radioing dispatch, contacting law enforcement, and stopping the bus.

32. The driver, an agent of MEGABUS and COACH USA, radioed dispatch, contacted law enforcement, and stopped the bus.

33. As the disorderly passenger was removed from the Megabus, Plaintiff ALEXIS REZA's mother was kicked in the face by said passenger.

34. Thereafter, Defendant MEGABUS was on notice of assaults, battery, disorderly and violent behavior commenced in the bus, and it was reasonably foreseeable that additional dangerous acts might occur.

35. After departing from the unscheduled stop, Plaintiff ALEXIS REZA fell asleep at approximately 2:15AM.

36. Defendants MEGABUS and COACH USA made a driver switch stop at 5:02AM, where Defendant and authorized agent of Defendants MEGABUS and COACH USA, ED BYRNE, initiated command of the bus, and departed by 5:31AM.

37. Upon information and belief, the original driver, other agents or employees of Defendants MEGABUS and COACH USA did not convey information of the assault and battery from the original disorderly passenger to Defendant BYRNE, despite their knowledge that violent acts had occurred among the passengers.

38. Defendant BYRNE had been trained, was aware and on notice that Defendants MEGABUS and COACH USA'S procedures in event of assault, battery or sexual assault mandated radioing dispatch, contacting law enforcement, and stopping the bus.

39. At 5:47AM, the unidentified male passenger directly adjacent to Plaintiff ALEXIS REZA, maneuvered his right arm and hand toward her buttock area as she leaned over, unconscious.

40. After advancement of his hand from the outside of her pants to the inside, the unidentified passenger groped Plaintiff ALEXIS REZA's vaginal and buttock area.

41. The unidentified passenger digitally penetrated Plaintiff ALEXIS REZA's vagina, causing her pain and harm.

42. The sexual assault caused Plaintiff ALEXIS REZA to awake in terror.

43. Plaintiff ALEXIS REZA screamed at the unidentified passenger, and alerted the bus driver, Defendant ED BYRNE multiple times, loudly enough for other passengers to hear and be disturbed.

44. Despite being informed by Plaintiff ALEXIS REZA of the sexual assault, Defendant ED BYRNE failed to follow the policies, practices, and procedures to radio dispatch, contact authorities, and stop the bus.

45. In lieu of the policies, practices, and procedures to radio dispatch, contact authorities, and stop the bus, Defendant ED BYRNE merely requested the assailant move to another seat in which he remained until their arrival to St. Paul MN at 8:25AM, and made his exit.

46. Defendants MEGABUS and COACH USA'S agent BYRNE forced Plaintiff ALEXIS REZA to endure at least 98 minutes riding with the assailant sitting behind her and not constrained.

47. During the remaining ride, Plaintiff ALEXIS REZA could not sleep, was in shock, and emotional drained.

48. During the remaining ride, Plaintiff ALEXIS REZA rode in fear and experienced additional emotional distress as she did not know if she would be attacked or assaulted again.

49. Upon their arrival to St. Paul Defendant BYRNE did not call the police, ask the assailant his name, document any information from Plaintiff ALEXIS REZA, or stop the assailant.

50. Defendant ED BYRNE watched as the assailant made his way to the exit and left the bus.

51. On the morning of August 30, 2019, approximately one hour after sexually assaulted, Plaintiff ALEXIS REZA emailed Defendant MEGABUS and COACH USA, details of the attack, hoping to identify and prosecute the assailant.

52. After several email correspondence with customer service, Plaintiff ALEXIS REZA was contacted by Defendant COACH USA on September 27, 2019, to request a summary of the occurrence and offered to facilitate contact with Wisconsin State Police.

53. Defendant COACH USA did not provide Plaintiff ALEXIS REZA with contact information.

54. On information and belief, contact by Defendant MEGABUS'S General Counsel to Wisconsin State Police was initiated on October 9, 2019, forty days after Plaintiff ALEXIS REZA'S was forced to endure a sexual assault on the morning of August 30, 2019.

55. Plaintiff ALEXIS REZA'S assailant remains unidentified and at large.

## II.    Megabus and Coach USA Policies and Procedures

56. Defendants Megabus and Coach USA's policies and procedures indicate the Defendants' awareness of safety risks to their passengers, including assault.

57. The Megabus Terms and Conditions state that "If a Megabus Operating Carrier has reason to suspect the fraudulent use of a confirmation, you may be denied transportation on a motorcoach."

58. Section 3(A) of Megabus' Terms and Conditions includes the following language:

> Megabus Operating Carriers reserve the right to refuse to transport or shall have the right to remove from the motorcoach at any point, any customer for the following reasons: ... 4. Safety. Whenever refusal or removal of a customer may be necessary for the safety of such customer or other customers or drivers, including, but not limited to: (a) Persons whose conduct is disorderly, offensive, abusive, illegal or violent...

59. The Megabus website indicates that "Maintaining the absolute highest quality of driver training and customer safety are of our highest priorities."

60. The Megabus website identifies that "Bus Safety is our top priority" and that its customers can "Rest-assured that you are safe when riding with megabus. It is an essential part of our mission at megabus to ensure that you and your loved ones are safe and secure."

61. The Megabus website describes that their process "revolves around both our drivers and passengers taking the necessary precautions to guarantee bus safety throughout your journey and helps to keep megabus safe."

62. The Megabus website describes Defendants they extensively screen their drivers and require them to complete "a number of rigorous training courses" to be considered for employment.

63. Drivers are trained that they are monitored by camera during the trip, that "safety is our first priority", and specialized customer service training, requiring a "consistent attitude of helpfulness and attentiveness".

64. The Megabus driver training video states, "our safety policy states that it is Coach USA and Megabus policy, that all employees approach their duties with a keen safety conscious focus and dedication to ensure that unsafe situations and acts are identified, addressed, and eliminated, and that all regulations, laws, and company rules and procedures are strictly adhered to without question."

65. The Megabus training video entitled "Safety First of All", instructs drivers make every effort to ensure the safety of our drivers, customers, and the public, and the Megabus "safety culture", will never be compromised.

66. The Megabus onboard safety video instructs customers be respectful to other customers and to report any suspicious behavior.

67. In 2018, Coach USA implemented human trafficking recognition training, to be refreshed annually, to more than 5000 employees. Training material focuses on unusual interactions, particularly between men and women. In an interview with WSB-TV Atlanta, Coach USA Vice President of Safety, Jason Louis stated, "we don't want drivers playing police, but want them to call for help if they see red flags. If something doesn't look right, if something looks out of place, if they don't look right together, these are some of the signs to that nature, to be on the lookout for."

### III.    Megabus and Coach USA's failure to Instate Above Policies

68. On August 29, 2019, Defendants failed to identify and deny entry to Plaintiff's assailant, even though his Megabus confirmation was fraudulent, as the ticket was purchased by and for Geramy D. Hopson but used instead by the assailant.

69. On August 30, 2019, Defendants were on notice that many of their drivers, including Defendant ED BYRNE, did not maintain the highest quality of customer safety.

70. On August 30, 2019, Defendants knew it was necessary for the safety and emotional well-being of its passengers, including Plaintiff ALEXIS REZA, to remove the assailant for his disorderly, offensive, abusive, illegal, and violent conduct.

71. Defendants through their agent Defendant BYRNE, had the ability and authority to remove the assailant for the safety and emotional well-being of all passengers, including Plaintiff ALEXIS REZA and failed to do so.

72. On August 30, 2019, Defendants Megabus and Coach USA, through Defendant Byrne, were on notice that while Plaintiff ALEXIS REZA laid unconscious, the assailant's hand in her pants was "out of place", did not look right, and she and the assailant "didn't look right together."

73. Defendants had the ability, authority, and training to identify unusual interactions between male and female passengers, call for help, and failed to do so.

74. Defendants, through Defendant Ed Byrne, failed to identify the assailant, stop the bus, call the police or assist Plaintiff Reza even after she had informed Defendant Byrne of the assault.

75. Defendants, through Defendant Ed Byrne, failed to take any action beyond asking the assailant, after he had sexually assaulted Plaintiff, to move to a different part of the bus.

76. Defendants, through Ed Byrne, took less action to remove Plaintiff's Reza's assailant than the disorderly passenger that had been removed mere minutes before.

77. Defendant Ed Byrne failed to follow the same procedure as the driver that preceding him, costing Plaintiff Reza the ability to identify and prosecute the assailant.

## IV. Prior Incidents put Megabus and Coach USA on Notice of the Reasonably Foreseeable Risk of Harm.

78. Defendants were on notice that incidents of sexual assault, assault, violence, and sexual harassment occurred routinely on Megabus and the policies they had in place to address said situations.

79. The Defendants had notice of a 2013 incident, wherein Racine County Wisconsin Sheriffs arrested passenger Patrick C. Nordeen, when he masturbated to pornography on his computer, aboard a Megabus. Disturbed and upset, a female passenger, three feet away from Nordeen, complained to the driver. The driver pulled over and deputies were dispatched. Nordeen was charged with lewd and lascivious behavior.

80. The Defendants had notice of a 2015 incident wherein Megabus passenger Jacques L. Anderson discharged a semi-automatic pistol inside an onboard bathroom. Soon thereafter, Anderson exited the bathroom, harassed the driver, and pulled the steering wheel, causing further distress to passengers. After fellow passenger Kenneth Smith told Anderson to return to his seat, Anderson, stepped toward Smith with his firearm. Smith rushed Anderson, applied a chokehold, and disarmed him. The driver immediately pulled over in Des Plaines, Illinois, where Anderson was arrested and charged with armed violence, aggravated battery to a peace officer, delivery of cocaine, unlawful use of a firearm, felony escape, reckless discharge of a firearm and criminal damage to government property.

81. The Defendants had notice of a 2015 incident wherein passenger Mario A. Harrison was arrested and charged by New York State Police, with performing a lewd sex act aboard a Megabus, when he masturbated in front of passengers.

82. The Defendants had notice of a 2016 incident wherein passenger Telly Shadell Corey masturbated in his sweatpants for up to three hours and exposed his penis to a female passenger, who reported being "terrified". In response to complaints, the driver pulled over in Coralville, Iowa, where Corey was arrested and charged with indecent exposure. According to the criminal complaint, Corey was still masturbating upon police arrival.

83. The Defendants had notice of a 2018 incident wherein passenger Saalim Randolph Muslim assaulted a female passenger. The driver pulled over in Rocky Hill, Connecticut, where Muslim was arrested and charged with third degree assault and second-degree breach of peace.

84. Each of the above-referenced incidents provided notice to Defendants notice that batteries, assaults, and harmful acts, including sexual violence, occur during the operation of their services.

85. In each of said incidents, Defendants pulled over, ensured the safety of the victim, and allowed for the prosecution of the perpetrator.

### COUNT I: NEGLIGENCE
### (DEFENDANTS MEGABUS AND COACH USA)

86. Plaintiffs reallege and incorporate paragraphs 1 through 83 as though fully stated herein.

87. Defendants Megabus and Coach USA, through their agent Defendant Ed Byrne, transported and provided bussing services to Plaintiff Reza, performing the function of a common carrier.

88. At all relevant times, Defendants Megabus and Coach USA, through their agent Defendant Ed Byrne, owed the highest duty of care to its passengers, including Plaintiff Reza, to provide for their safety and security while being transported in their passenger vehicle.

89. Defendants Megabus and Coach USA, as the owner and operator of the commercial bus engaged in the transportation of passengers, as a common carrier, owed a duty to their passengers, including Plaintiff Reza, to transport their passengers and operate the bus with the highest degree of care through their agents including but not limited to Defendant Ed Byrne, so as to avoid causing injury and/or harmful or offensive contact and assaults to Plaintiff Reza.

90. Further, Defendants MEGABUS and COACH USA had a duty to provide a safe, secure and protective environment for passengers, including Plaintiff ALEXIS REZA.

91. Defendants MEGABUS and COACH USA, a common carrier, further owed the highest degree of care, including the duty to discover and prevent danger to said passengers, including protecting them from the foreseeable dangerous, violent, and unwanted sexual conduct of fellow passengers.

92. Notwithstanding said duty, Defendants MEGABUS and COACH USA, by and through their agents, employees and/or servants, include Defendant Byrne, committed one or more of the following acts and/or omissions:

    a.   failed to enforce the rules, regulations, practices, and procedures that its employees and agents, were required to follow when they became aware one of its passengers, Plaintiff ALEXIS REZA, was sexually assaulted.

    b.   failed to call authorities immediately after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

Case: 1:21-cv-03233 Document #: 1-1 Filed: 06/16/21 Page 14 of 24 PageID #:19

c.  failed to radio dispatch at any time after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

d.  failed to stop the bus at any time, after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

e.  failed to investigate or report the complaints by Plaintiff ALEXIS REZA, of the sexual assault she endured while under Defendant's care before October 4, 2019, when Plaintiff ALEXIS REZA emailed details of the sexual assault to Defendants' customer service on August 29, 2019.

f.  failed to confirm the identity of passengers, thus allowing Plaintiff ALEXIS REZA's assailant to board the MegaBus with a ticket under a different name.

g.  failed to retain sufficient and proper control over the operation and what occurred within the aforementioned bus;

h.  operated, controlled, and drove said bus without properly and sufficiently supervising the individuals being transported;

i.  failed to properly instruct its agents, employees, and/or servants in proper safety procedures to follow while the bus is in movement and transporting passengers;

j.  failed to separate Plaintiff Reza from the assailant after the sexual and physical assault, and abuse of Plaintiff Reza;

k.  failed to establish and implement proper and comprehensive rules, regulations, practices and procedures for its employees and agents to follow and adhere to, to keep sexually aggressive and dangerous perpetrators from assaulting passengers;

14
Exhibit A

l.   failed to enforce proper and comprehensive rules, regulations, practices and procedures for the employees and agents to follow to recognize the signs of potential sexual assault occurring; and,

m.  failed to operate said bus in a reasonably safe manner.

93. As a direct and proximate cause and result of one or more of the aforementioned willful and wanton conduct of the Defendants herein, Plaintiff ALEXIS REZA was sexually assaulted, while aboard the MegaBus, and suffered severe and permanent psychological, and emotional injuries and damages, all of which caused and continue to cause her great pain and suffering, mental and emotional distress, and have resulted in her diminished ability to enjoy her life.

94. In performing the duties of a common carrier, Defendants Megabus and Coach USA, through their agent Defendant Byrne, are liable for their passengers' injuries.

WHEREFORE, the Plaintiffs pray this Honorable Court to enter judgment in their favor and against Defendants, MEGABUS and COACH USA for an amount in excess of $50,000 and for their costs of suit.

## COUNT II: NEGLIGENCE
### (DEFENDANT BYRNE)

95. Plaintiffs reallege and incorporate paragraphs 1 through 83 as though fully stated herein.

96. On August 29, 2019, Defendant Byrne was acting as a duly authorized agent of Defendants Megabus and Coach USA and undertook to act negligently regarding the safety and well-being of Plaintiff Reza.

97. Defendant Byrne, as a duly authorized agent of Defendants Megabus and Coach USA, transported and provided bussing services to Plaintiff Reza, performing the function of a common carrier.

Exhibit A

98. At all relevant times, Defendant Ed Byrne, owed the highest duty of care to his passengers as he operated a Megabus, including Plaintiff Reza, to provide for their safety and security while being transported in their passenger vehicle.

99. Defendant Byrne as the operator of the commercial bus engaged in the transportation of passengers, as a common carrier, owed a duty to their passengers, including Plaintiff Reza, to transport passengers and operate the bus with the highest degree of care, so as to avoid causing injury and/or harmful or offensive contact and assaults to Plaintiff Reza.

100. Notwithstanding said duty, Defendant Byrne, committed one or more of the following acts and/or omissions:

    a. failed to enforce the rules, regulations, practices, and procedures that its employees and agents, were required to follow when they became aware one of its passengers, Plaintiff ALEXIS REZA, was sexually assaulted.

    b. failed to call authorities immediately after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

    c. failed to radio dispatch at any time after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

    d. failed to stop the bus at any time, after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

    e. failed to investigate or report the complaints by Plaintiff ALEXIS REZA, of the sexual assault she endured while under Defendant's care before October 4, 2019, when Plaintiff ALEXIS REZA emailed details of the sexual assault to Defendants' customer service on August 29, 2019.

    f. failed to confirm the identity of passengers, thus allowing Plaintiff ALEXIS REZA's assailant to board the MegaBus with a ticket under a different name.

    g. failed to retain sufficient and proper control over the operation and what occurred within the aforementioned bus; .

    h. operated, controlled, and drove said bus without properly and sufficiently supervising the individuals being transported;

    i. failed to separate Plaintiff Reza from the assailant after his sexual and physical assault, and abuse of Plaintiff Reza;

    j. failed to operate said bus in a reasonably safe manner.

101.    As a direct and proximate cause and result of one or more of the aforementioned willful and wanton conduct of the Defendants herein, Plaintiff ALEXIS REZA was sexually assaulted, while aboard the MegaBus, and suffered severe and permanent psychological, and emotional injuries and damages, all of which caused and continue to cause her great pain and suffering, mental and emotional distress, and have resulted in her diminished ability to enjoy her life.

WHEREFORE, the Plaintiffs pray this Honorable Court to enter judgment in their favor and against Defendant BYRNE for an amount in excess of $50,000 and for their costs of suit.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

102.    Plaintiffs reallege and incorporate paragraphs 1 through 83 as though fully stated herein.

103.    At all relevant times herein, the Defendants' through their bus driver and authorized agent, ED BYRNE, as a common carrier, owed the highest duty of care to its passengers,

including Plaintiff ALEXIS REZA, to avoid causing emotional injury and/or emotional distress.

104.     Notwithstanding said duty, Defendants failed to exercise said care so not to cause emotional injury and/or emotional distress to Plaintiff in the following ways:

  a.  Despite being on notice Plaintiff ALEXIS REZA had been sexually assaulted while unconscious from her epilepsy medication, Defendants took no measures to remove the assailant from the bus;

  b.  Despite being on notice Plaintiff ALEXIS REZA had been sexually assaulted while unconscious from her epilepsy medication, Defendants forced Plaintiff ALEXIS REZA to remain in the bus with the assailant for an additional three hours, while in a continued drowsy state, in which she for her safety; and

  c.  Despite being on notice Plaintiff ALEXIS REZA had been sexually assaulted while unconscious from her epilepsy medication, Defendants made no efforts to report the sexual assault to authorities, radio dispatch, or stop the bus, which allowed the assailant to exit unapprehend upon their arrival to the St. Paul, MN destination, and caused Plaintiff ALEXIS REZA to endure perpetual fear of the assailant.

  d.  failed to retain sufficient and proper control over the operation and what occurred within the aforementioned bus;

  e.  operated, controlled, and drove said bus without properly and sufficiently supervising the individuals being transported;

  f.  failed to properly instruct its agents, employees, and/or servants in proper safety procedures to follow while the bus is in movement and transporting passengers;

g. failed to establish and implement proper and comprehensive rules, regulations, practices and procedures for its employees and agents to follow and adhere to, to keep sexually aggressive and dangerous perpetrators from assaulting passengers;

h. failed to enforce proper and comprehensive rules, regulations, practices and procedures for the employees and agents to follow to recognize the signs of potential sexual assault occurring; and,

i. failed to operate said bus in a reasonably safe manner.

105.    As a result of one or more of the aforementioned actions or inactions of the Defendants herein, Plaintiff ALEXIX REZA suffered severe and permanent psychological, and emotional injuries and damages, all of which caused and continue to cause her great pain and suffering, mental and emotional distress, and have resulted in her diminished ability to enjoy her life.

WHEREFORE, the Plaintiff ALEXIS REZA prays this Honorable Court to enter judgment in their favor and against Defendants MEGABUS, COACH USA and BYRNE for an amount in excess of $50,000.00 and for their costs of suit.

## COUNT IV: RESPONDEAT SUPERIOR
### *(DEFENDANTS MEGABUS and COACH USA)*

106.    Plaintiffs reallege and incorporate paragraphs 1 through 83 as though fully stated herein.

107.    At all relevant times herein, the Defendants' bus driver and authorized agent, ED BYRNE, owed the highest duty of care to its passengers, including Plaintiff ALEXIS

REZA, to provide for their safety and security while being transported in their passenger vehicle.

108.     In breach of said aforementioned duties, Defendants, through their authorized agent, ED BYRNE, breached its duty by committing one or more of the following acts and/or omissions:

    a.   failed to enforce the rules, regulations, practices, and procedures that its employees and agents, were required to follow when they became aware one of its passengers, Plaintiff ALEXIS REZA, was sexually assaulted.

    b.   failed to call authorities immediately after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

    c.   failed to radio dispatch at any time after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

    d.   failed to stop the bus at any time, after complaints of sexual assault aboard the bus were received by Plaintiff ALEXIS REZA.

    e.   failed to investigate or report the complaints by Plaintiff ALEXIS REZA, of the sexual assault she endured while under Defendant's care before October 4, 2019, when Plaintiff ALEXIS REZA emailed details of the sexual assault to Defendants' customer service on August 29, 2019.

    f.   failed to confirm the identity of passengers, thus allowing Plaintiff ALEXIS REZA's assailant to board the MegaBus with a ticket under a different name.

    g.   failed to retain sufficient and proper control over the operation and what occurred within the aforementioned bus;

h. operated, controlled, and drove said bus without properly and sufficiently supervising the individuals being transported;

i. failed to separate Plaintiff Reza from the assailant after his sexual and physical assault, and abuse of Plaintiff Reza;

j. failed to operate said bus in a reasonably safe manner.

109.     Based on information and belief, ED BYRNE was Defendants' employee, acting within the course and scope of his employment when he acted or failed to act as described above.

110.     Defendants are vicariously liable to Plaintiffs, under the Doctrine of Respondeat Superior, for the acts or omissions of their authorized agent, ED BYRNE, when he acted or failed to act as described above.

111.     As a direct and proximate cause and result of one or more of the aforementioned actions or inactions of the Defendants herein, Plaintiff ALEXIX REZA was sexually assaulted, while aboard the MegaBus, and suffered severe and permanent psychological, and emotional injuries and damages, all of which caused and continue to cause her great pain and suffering, mental and emotional distress, and have resulted in her diminished ability to enjoy her life.

WHEREFORE, the Plaintiff ALEXIS REZA prays this Honorable Court to enter judgment in their favor and against Defendants for an amount in excess of $50,000 and for their costs of suit.

Respectfully submitted,

By: /s/ Bhavani Raveendran

Attorney for Plaintiff

Bhavani Raveendran
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago IL, 60654
Telephone: 312-458-1000
Attorney # 35875

Jonathon N. Fazzola
ARDC No: 6301639
Douglas E. Fierberg (*Pro Hac Vice pending*)
THE FIERBERG NATIONAL LAW GROUP, PLLC
2001 L Street, NW, Suite 500
Washington, DC  20036
Tel. 202-351-0510
jfazzola@tfnlgroup.com
dfierberg@tfnlgroup.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ALEXIS REZA | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: |
| | ) | |
| MEGABUS USA, LLC, ED BYRNE, | ) | **PLAINTIFF DEMANDS JURY** |
| individually and as an agent of Megabus | ) | **TRIAL** |
| USA, LLC; COACH LEASING, INC., and | ) | |
| COACH USA, INC., | ) | |
| | ) | |

Defendants. )

## AFFIDAVIT REGARDING DAMAGES SOUGHT

I, Bhavani Raveendran, being first duly sworn under oath, states as follows:

1.    That your affiant is one of the attorneys of record for the party in this matter.

2.    That the total money damages sought in this civil action exceed $50,000.00.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,

By: /s/ Bhavani Raveendran
One of Plaintiffs' attorneys

[X]    Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.

Bhavani Raveendran
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900, Chicago IL, 60654
Telephone: 312-458-1000
Attorney # 35875
b.raveendran@rblaw.net

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ALEXIS REZA | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: |
| | ) |
| MEGABUS USA, LLC, ED BYRNE, | ) **PLAINTIFF DEMANDS JURY** |
| individually and as an agent of Megabus | ) **TRIAL** |
| USA, LLC; COACH LEASING, INC., and | ) |
| COACH USA, INC., | ) |
| | ) |
| Defendants. | ) |

## JURY DEMAND

The undersigned demands a jury trial.

Respectfully submitted,

By: /s/ Bhavani Raveendran

One of Plaintiffs' attorneys

Bhavani Raveendran
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900, Chicago IL, 60654
Telephone: 312-458-1000
Attorney # 35875
b.raveendran@rblaw.net